Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000575
16-APR-2026
08:04 AM
Dkt. 40 SO

NO. CAAP-24-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

VILISONI MAFI, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPN-23-0000019 (CR. NOS. 1CPC-17-0000238,
1CPC-17-0000323, 1CPC-17-0000324, 1CPC-17-0001093))

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Petitioner-Appellant Vilisoni S.

**Mafi**, also known as Sione Langi and Soni Talo Sekope, appeals

from the Circuit Court of the First Circuit's August 19, 2024

order denying his Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40

"Petition to Vacate, Set Aside, or Correct Judgment or to

Release Petitioner from Custody."[1]

---

[1] The Honorable Paul B.K. Wong presided.

To the extent we can discern, Mafi contends on appeal that he does not qualify as a habitual property crime perpetrator, because "both [the prior] convictions and [the instant] offences [sic] had to have occurred after the 2016 [amendment to the habitual property crime statute,] which double[d] the length of time from 5 years to 10."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

Mafi has eleven prior convictions related to theft. On October 23, 2007, in 1P1070018337, Mafi was convicted of Theft in the Fourth Degree in violation of Hawaiʻi Revised Statutes (**HRS**) § 708-833 (1993), a petty misdemeanor.  On February 17, 2011, in 1PC101001482, Mafi was convicted of six counts of Theft in the Second Degree in violation of HRS § 708-831 (Supp. 2006), a class C felony; three counts of Theft in the Third Degree in violation of HRS § 708-832 (Supp. 2006), a misdemeanor; and one count of Attempted Theft in the Third Degree in violation of HRS §§ 705-500 (1993) and 708-832.

---

[2]  Although Mafi's two opening briefs do not comport with Hawaiʻi Rules of Appellate Procedure Rule 28, we liberally construe his self-represented filings to promote meaningful access to justice.  See, e.g., Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020).

In 2016, the Hawaiʻi State Legislature amended HRS § 708-803 (2014 & Supp. 2016), effective July 1, 2016, to "double[] the length of time from five years to ten years that a conviction can qualify a person for habitual theft status."[3] HRS § 708-803 cmt.

In 2017, a grand jury indicted Mafi in four different cases with committing Habitual Property Crime in violation of

---

[3] The 2004 version of HRS § 708-803, which Mafi contends ought to have applied to his sentence, provided as follows:

> **[§708-803] Habitual property crime.** (1) A person commits the offense of habitual property crime if the person is a habitual property crime perpetrator and commits a misdemeanor offense within this chapter.
>
> (2) For the purposes of this section, "habitual property crime perpetrator" means a person who, <u>within five years of the instant offense</u>, has convictions for:
>
> (a) Three felonies within this chapter;
>
> (b) Three misdemeanors within this chapter; or
>
> (c) Any combination of three felonies and misdemeanors within this chapter.
>
> The convictions must have occurred on separate dates and be for separate incidents on separate dates.
>
> (3) Habitual property crime is a class C felony.
>
> (4) For a conviction under this section, the sentence shall be either:
>
> (a) An indeterminate term of imprisonment of five years; or
>
> (b) A term of probation of five years, with conditions to include but not be limited to one year of imprisonment.

(Emphasis added.)

HRS § 708-803 (2014 & Supp. 2016), alleging Mafi committed four separate theft offenses, on four separate dates — July 13, 2016; January 1, 2017; January 30, 2017; and February 4, 2017.

In 2019, pursuant to a plea agreement, Mafi pled guilty to the four charges of Habitual Property Crime.[4] The circuit court sentenced Mafi to five years of probation to run concurrently with any other term being served.

In 2021, the State moved to revoke Mafi's probation as he admitted to violating various special terms and conditions of his probation, which the circuit court granted.

In 2023, Mafi filed his HRPP Rule 40 petition. Mafi raised six grounds for relief,[5] all premised on the argument that, because his 2007 and 2011 convictions occurred prior to the 2016 amendment to HRS § 708-803, the 2004 version of HRS § 708-803 setting forth a five-year (and not ten-year) "lookback period" applied.

---

[4] In exchange for pleading guilty in 1CPC-17-0000238, 1CPC-17-0000323, 1CPC-17-0000324, and 1CPC-17-0001093, the State agreed to nolle prosequi without prejudice four other theft-related charges in 1CPC-17-0000061, 1CPC-17-0000421, and 1CPC-17-0000154.

[5] Mafi's six grounds for relief were: (1) defective indictment, (2) illegal sentence, (3) ineffective assistance of counsel, (4) prosecutorial misconduct, (5) withdraw of guilty plea, and (6) lack of jurisdiction.

Following a hearing, the circuit court denied Mafi's HRPP Rule 40 petition and entered its findings of fact and conclusions of law. As relevant to Mafi's appeal, the circuit court found that when Mafi committed the instant offenses, "the Window of Prior Convictions was 10 years." The circuit court also found that Mafi committed the instant offenses between July 13, 2016, and February 4, 2017; and his prior convictions were on October 23, 2007, and February 17, 2011; thus, qualifying him as a habitual property crime perpetrator under the amended version of HRS § 708-803. Mafi appealed.

As mentioned above, Mafi contends he does not qualify as a habitual property crime perpetrator, because "both [the prior] convictions and [the instant] offences [sic] had to have occurred after the 2016 [amendment to the habitual property crime statute,] which double[d] the length of time from 5 years to 10."

"The interpretation of a statute is a question of law. Review is de novo, and the standard of review is right/wrong." State v. Borge, 152 Hawaiʻi 458, 464, 526 P.3d 435, 441 (2023). "[T]he fundamental starting point for statutory interpretation is the language of the statute itself." Id. (quoting Ito v. Invs. Equity Life Holding Co., 135 Hawaiʻi 49, 61, 346 P.3d 118, 130 (2015)).

HRS § 708-803, as amended in 2016, defines a "habitual property crime perpetrator" as a person having committed a property crime "within ten years" of certain prior convictions:

> **§708-803  Habitual property crime.**  (1)  A person commits the offense of habitual property crime if the person is a habitual property crime perpetrator and commits a property crime.
>
> (2)  For the purposes of this section, "habitual property crime perpetrator" means a person who, within ten years of the instant offense, has convictions for offenses within this chapter for:
>
> (a)  Any combination of two felonies or misdemeanors; or
>
> (b)  Any combination of either one felony or one misdemeanor and one petty misdemeanor; or
>
> (c)  Three petty misdemeanors.
>
> The convictions shall be for separate incidents on separate dates.

(Emphases added.)

This version of HRS § 708-803 took effect on July 1, 2016.  Mafi's instant offenses were committed on July 13, 2016, January 1, 2017, January 30, 2017, and February 4, 2017. Because Mafi's instant offenses were committed after July 1, 2016, the amended version of HRS § 708-803 applies to the prosecution of Mafi's instant offenses.

Turning to whether Mafi met the definition of habitual property crime perpetrator under the amended version of HRS § 708-803, we consider whether Mafi had the requisite prior

6

convictions and whether each of Mafi's instant offenses fell within ten years of those prior convictions.

Mafi had one petty misdemeanor theft conviction dated October 23, 2007, and at least one felony theft conviction dated February 17, 2011.  See HRS § 708-803(2)(b) (providing that convictions for "[a]ny combination of either one felony or one misdemeanor and one petty misdemeanor" within ten years of the instant offense qualifies a person as a habitual property crime perpetrator).  These convictions were for separate incidents on separate dates.  See HRS § 708-803(2) ("The convictions shall be for separate incidents on separate dates.").

Mafi's first instant offense, dated July 13, 2016, fell within ten years of his prior convictions.  Mafi's prior conviction for petty misdemeanor theft was dated October 23, 2007, and his prior conviction for felony theft was dated February 17, 2011, both within ten years of the July 13, 2016 offense.

The same may be said for Mafi's instant offenses committed on January 1, 2017; January 30, 2017; and February 4, 2017 — they all fall within ten years of Mafi's October 23, 2007 and February 17, 2011 convictions.

Because Mafi's instant offenses occurred within ten years of his prior convictions, the circuit court did not err in denying Mafi's HRPP Rule 40 petition.

Based on the foregoing, we affirm the circuit court's August 19, 2024 order denying Mafi's HRPP Rule 40 petition.

DATED:  Honolulu, Hawaiʻi, April 16, 2026.

| On the briefs: | /s/ Clyde J. Wadsworth |
| | Presiding Judge |
| Vilisoni S. Mafi, | |
| Self-represented Petitioner- | /s/ Sonja M.P. McCullen |
| Appellant. | Associate Judge |
| | |
| Stephen K. Tsushima, | /s/ Kimberly T. Guidry |
| Deputy Prosecuting Attorney, | Associate Judge |
| City and County of Honolulu, | |
| for Respondent-Appellee. | |